IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JESSICA L. SEAICH, | CV 20–30–M–DLC–KLD |
| Plaintiff, | |
| vs. | ORDER |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security Administration,[1] | |
| Defendant. | |

Before the Court is United States Magistrate Judge Kathleen L. DeSoto's Findings and Recommendation, dated March 22, 2021. (Doc. 23.) Judge DeSoto recommends that this Court affirm the Social Security Commissioner's decision denying Plaintiff Jessica L. Seaich's application for disability benefits and supplemental security income payments. (*See generally* Doc. 23.)

In the absence of an objection, this Court reviews findings for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error review is "significantly deferential" and exists when the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000)

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court substitutes the Acting Commissioner of Social Security Administration, Kilolo Kijakazi in the place of former Commissioner of Social Security Administration, Andrew M. Saul.

(citations omitted). This Court reviews de novo any findings to which a party specifically objects. 28 U.S.C. § 636(b)(1)(C).

Plaintiff only objects to a portion of Judge DeSoto's findings and recommendation. Such objections can be split into two categories. First, Plaintiff objects to Judge DeSoto's "failure to incorporate [her] proposed uncontested findings of fact" filed in "CV-13-193-M-DWM-JCL" and in her opening brief. (Doc. 24 at 2.) Second, Plaintiff objects to Judge DeSoto's recommended affirmance of the Commissioner's[2] partial rejection of Dr. Nancy Eyler's opinions. (*Id.* at 2–12.) Reviewing these issues de novo, the Court agrees that the objected to portions of the Commissioner's decision should be affirmed.

As an initial matter, the Court finds that the unobjected to portions of Judge DeSoto's findings and recommendation are not clearly erroneous. This includes Judge DeSoto's findings as to Plaintiff's arguments regarding the Commissioner's: (1) failure to include her "alleged bowl and bladder incontinence as a severe impairment;" (2) disregarding of "a September 2011 report prepared by a vocational counselor who stated Plaintiff was not able to work;" and (3) rejection of Plaintiff's "subjective symptom testimony." Judge DeSoto's resolution of these

---

[2] The Court refers to the Commissioner's decision throughout this Order in reference to the supplementary opinion issued by Administrative Law Judge, Michael A. Kilroy, on December 24, 2019.

2

issues are thorough and well-reasoned, far from the sort of firmly mistaken conclusions necessary to preclude adoption.

Turning to the objected to portions, the Court views those matters "anew, the same as if [they] has not been heard before, and no decision was previously rendered." *Ness v. CIR*, 954 F.2d 1495, 1497 (9th Cir. 1992) (defining de novo review). But because this Court is effectively just taking the place of Judge DeSoto, in exercising judicial review over the decision of the Commissioner, it must apply the applicable standard of review. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). In this quasi-appellate context, a district court may only disturb the Commissioner's conclusions when they are "not supported by substantial evidence" or are "based on legal error." *Id.* "Where evidence is susceptible to more than one rational interpretation," the Commissioner's decision will stand. *Id.*

As noted above, Plaintiff's first objection focuses on whether "proposed uncontested findings of fact incorporated" in another federal case should be adopted by this Court when reviewing the Commissioner's decision. (Doc. 24 at 2.) Plaintiff's objection is poorly developed, amounting to two sentences. (*Id.*) In her opening brief, Plaintiff incorporated her "Uncontested Statement of Facts filed in cause CV-13-193-M-DWM-JCL." (Doc. 14 at 13.) Plaintiff does not elaborate on what facts were not "incorporated" by Judge DeSoto or how those facts warrant

3

setting aside the Commissioner's decision. The Court will not develop this argument for her and in its current form it is insufficient to permit adjudication on the merits. *See Malonado v. Morales*, 556 F.3d 1037, 1048 n.2 (9th Cir. 2009) ("Arguments made in passing and inadequately briefed are waived").

As to the second objection—the Commissioner's rejection of the opinions of Dr. Nancy Eyler—the Court finds she has, as directed by the Ninth Circuit, sufficiently outlined the reasons for her partially "discounting [of] Dr. Eyler's opinion." *Seaich v. Berryhill*, 685 Fed. Appx. 564, 565 (9th Cir. 2017). When the Commissioner, acting through an administrative law judge, rejects the opinion of a treating physician, she must explain her reasons for doing so. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). In order to discount the opinion of a treating physician because it "is contradicted by another doctor's opinion," the Commissioner must provide "specific and legitimate reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Reviewing the matter anew, the Court finds the Commissioner has sufficiently explained the reasons for disregarding some of Dr. Eyler's opinions.

In her Diabetes Mellitus Residual Functional Capacity Questionnaire (Doc. 10 at 883–886), Dr. Eyler made various observations and conclusions, including that Ms. Seaich:

(1)     suffers from Type 1 diabetes (insulin dependent), celiac disease, and asthma;

(2)     exhibits fatigue, general malaise, loss of manual dexterity, dizziness/loss of balance, and hyper/hypoglycemic attacks, as symptoms;

(3)     has "significantly limited range of motion of both shoulders and both hands due to combined effects of diabetic cheiroarthropathy and inflammatory (rheumatoid) arthritis;"

(4)     frequently experiences "pain or other symptoms severe enough to interfere" with the attention and concentration necessary to perform "even simple work tasks;"

(5)     can tolerate moderate work stress;

(6)     can walk 10 city blocks "without rest or severe pain;"

(7)     can sit or stand for 10 continuous minutes without needing to change positions and can sit or stand for about 4 hours each in a total 8 hour work day;

(8)     would need to walk every 5 to 10 minutes for at least 1 to 2 minutes each time;

(9)     must be able to shift position from sitting, standing, or walking at will while at work

(10)    would need to take 5 unscheduled breaks a day for 2 to 5 minutes each;

(11) is capable of lifting 1-10 pounds frequently and 20 pounds occasionally;

(12) can occasionally twist or climb stairs, rarely bend or crouch, and never climb ladders;

(13) has significant limitations in repetitively reaching, handling, or fingering;

(14) is incapable of grasping, turning, reaching, or finely manipulating for more than 5% of an 8 hour workday;

(15) needs to avoid moderate or concentrated exposure to a variety of environmental conditions; and

(16) would need to be absent from work about 4 days a month.

(*Id.*)

The Commissioner heeded the Ninth Circuit's directive on remand, *Seaich*, 685 Fed. Appx. at 565, and thoroughly explained her grounds for disagreement with some of these conclusions. (Doc. 10 at 1109–1125.) As an initial matter, and as Judge DeSoto correctly observes, the Commissioner did elect to afford Dr. Eyler's opinion "some weight" and incorporated part of her findings. (*Id.* at 1122.) For example, the Commissioner agreed Ms. Seaich's medical conditions would create workplace limitations, including "lifting, postural, environmental, and

manipulative" restrictions. (*Id.*) The Commissioner also agreed that, for Ms. Seaich, "alternating between sitting and standing is appropriate." (*Id.*)

As to the remaining conclusions, however, the Commissioner determined they were either contradicted by Dr. Eyler's own treatment notes from visits before or after the assessment or otherwise contradicted by additional evidence in the record. (*Id.*) These problems were underscored, in the Commissioner's view, by the fact that the report at issue was generated for the specific purpose of facilitating Ms. Seaich's request for social security benefits. (*Id.*) Accordingly, the Commissioner elected to incorporate those findings from Dr. Eyler's assessment that were consistent with the overall record. (*Id.*)

The Court does not find that the Commissioner's decision is the result of legal error or otherwise unsupported by substantial evidence. The Commissioner strictly adhered to the "five-step sequential evaluation process for determining whether an individual is disabled." (*Id.* at 1110.) Additionally, the Commissioner systematically described the available medical evidence over the course of a 17-page decision and justified the portions of Dr. Eyler's assessment to which she simply could not agree. Applying the applicable standard of review to decisions of the Commissioner, the Court finds no error.

Plaintiff's objections on this issue do little more than reiterate her favorable view of the proffered evidence. (*See generally* Doc. 24.) The Commissioner

7

simply viewed it differently and her reasons for doing so are sufficiently explained, supported by substantial evidence, and not based on legal error. In other words, the Court has no basis to reverse the Commissioner's decision and will adopt Judge DeSoto's recommendation of affirmance.

Accordingly, IT IS ORDERED that Plaintiff's objections (Doc. 24) are OVERRULED.

IT IS FURTHER ORDERED that Judge DeSoto's findings and recommendation (Doc. 23) is ADOPTED in full.

IT IS FURTHER ORDERED that the Commissioner's decision (Doc. 10 at 1109–1125) is AFFIRMED.

The Clerk of Court is directed to close the case file.

DATED this 10th day of August, 2021.

_____
Dana L. Christensen, District Judge
United States District Court